UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PILAR MELVIN,**

    Plaintiff,

v.                                                                      Case No: 5:22-cv-393-GAP-PRL

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER

This matter is before the Court on the United States' motion to compel Plaintiff's deposition and for sanctions. (Doc. 29). Plaintiff filed a response. (Doc. 30), and the Court conducted a virtual hearing on January 12, 2024. (Docs. 33, 34).[1] For the reasons discussed below, the government's motion is **GRANTED.**

### I. Background

In September 2022, Plaintiff filed this action under the Federal Tort Claims Act alleging that she was sexually assaulted by a corrections officer while incarcerated at FCI Coleman in Wildwood, Florida. Plaintiff subsequently was released from prison and placed on probation in the Southern District of Florida.[2]

---

[1] On January 8, 2024, the Court noticed the hearing for January 12, 2024, at 10:00 a.m. via Zoom Video Conference. (Doc. 31). Participants were subsequently emailed a Zoom invitation that reminded them to "dress appropriately." Notably, Plaintiff's counsel, Bryan Busch, appeared to attend the hearing from a golf course in casual sports attire and was noticeably distracted by his surroundings. While Mr. Busch claims that he was not given sufficient notice to rearrange his participation in a charity event, he did not seek a continuance of the hearing. The Court expects the same level of decorum from attorneys even if a hearing is conducted virtually.

[2] According to Plaintiff, a mandatory condition of her probation is that she maintain a steady job and she is currently employed at Doctor's United Group in Miami working Monday to Friday from 8:00 a.m. to 5:00 p.m.

Starting in late October 2023, the government began its efforts to schedule Plaintiff's deposition during the weeks of December 11 and December 18, 2023. Despite repeated emails and phone calls, Plaintiff's counsel, Bryan Busch, never agreed to a date for Plaintiff's deposition. Indeed, the attached email chain reflects that Mr. Busch either did not respond or took the position—without any legal authority—that Plaintiff's deposition would need to be scheduled after work hours or on a weekend because of her work obligations. (Docs. 29-3, 29-4). Given Mr. Busch's failure to cooperate in the scheduling process, on November 14, 2023, the government unilaterally noticed Plaintiff's deposition for December 20, 2023, to begin at 9:30 a.m. at the U.S. Attorney's office in Orlando, Florida. (Doc. 29-1).

One week later—on November 21, 2023—Mr. Busch advised that the time, date and location would not work for Plaintiff given her probation conditions, work schedule and child-care issues. He proposed that her deposition begin at 1:00 p.m. at some location within her South Florida probation area at an agreeable date in January 2024. Counsel went back and forth via email, with Mr. Busch continuing to offer no legal support for his position and apparently failing to contact Plaintiff's probation officer to authorize her attendance at her deposition. The government ultimately contacted Plaintiff's probation officer and received approval for her attendance. (Doc. 29-4 at 2). While the government advised that the deposition would proceed on December 20 as noticed, counsel nevertheless, in efforts to be reasonable, stated that the government would consider a specific date in early January with a morning start time. (Doc. 29-4 at 2, Doc. 29-5 at 5). In response, Mr. Busch offered only one date—Saturday, January 6, 2023, in Orlando, Florida. (Doc. 29-5 at 4-5). The government did not agree to this date (which did not appear to be made in good faith) and advised Mr. Busch that the deposition would go forward on December 20 and that he would need to file

and obtain a protective order for Plaintiff to be excused. Despite this warning, Mr. Busch did not seek a protective order and Plaintiff did not appear at her deposition. (Doc. 29-2). The instant motion followed.

## II.     Discussion

The government requests that the Court compel Plaintiff to appear for her deposition for a date certain (weekday during the weeks of January 15, 22, or 29) at the U.S. Attorney's Office in Orlando, Florida. The government also asks the Court to sanction Mr. Busch pursuant to Fed.R.Civ.P. 37(d) and require payment of the government's reasonable expenses related to the deposition and the filing of this motion.

Pursuant to Rule 37(d), a district court may grant a motion for sanctions if a party fails to attend her own deposition after being properly served with notice of the deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). A party's failure to appear for her deposition, "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Rule 37(d)(2). As for sanctions, "the Court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

A deposition is properly noticed, when the party seeking to depose a person by oral questions, provides such person with a reasonable written notice stating, "the time and place of the deposition and, if known, the deponent's name and address." Fed R. Civ. P. 30(b)(l). Per the Local Rules, the written notice must be provided to the deponent at least fourteen days before the date of the noticed deposition. See M.D. Fla. Local Rule 3.04. Here, the

government's deposition notice to Plaintiff was served on November 14, 2023, setting Plaintiff's deposition for December 20, 2023, and stating the place of the deposition. Contrary to Plaintiff's contention, it was appropriate for the government to unilaterally set the deposition, given the government's diligent efforts, Mr. Busch's lack of cooperation, and the government's willingness to coordinate alternate dates in December (and even consider a specific date in January). See M.D. Fla. Handbook on Civil Discovery Practice § II.A.1 (noting that, where necessary, "counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling"). Therefore, there is no dispute that Plaintiff's deposition was properly noticed.

Nevertheless, Mr. Busch argues that the government acted in bad faith by refusing to conduct the deposition after work hours or on weekends or in the Southern District.[3] However, there is simply no authority to support these requests. While having her deposition taken in Orlando may not be convenient, Plaintiff filed this personal injury action in the Middle District of Florida, and thus, she is expected to make herself available for examination in this District. *See* M.D. Fla. Handbook on Civil Discovery Practice § II.A.3 ("A non-resident plaintiff may reasonably expect to be deposed at least once in this district."); *see also Otto Candies, LLC v. Citigroup, LLC,* 963 F.3d 1331, 1344-45 (11th Cir. 2020) (noting general rule that plaintiffs are required to make themselves available for examination in the district in which they bring suit).[4] Moreover, Mr. Busch has failed to cite any legal authority for his

---

[3] In the motion, Plaintiff contends that the government also refuse to conduct the deposition by video. At the hearing, counsel for the government represented that the possibility of a video deposition was never discussed, but that the government would not have agreed to it anyway.

[4] Notably, Plaintiff could be compelled to attend a deposition in the Ocala Division, which is where this case is filed and is further North than Orlando. Orlando, however, is closer to the Plaintiff and appears to be a good faith effort on the part of the government to set it in a location more convenient to the Plaintiff *and* still within the Middle District.

repeated demands that the deposition be taken on the weekend or after normal business hours. Plaintiff filed this lawsuit and is required to participate in it. The proceedings in this case—including trial, depositions, or hearings—will necessarily occur during the workweek. Plaintiff's claims of blanket unavailability are patently unreasonable.

Given that Plaintiff failed to appear for her properly noticed deposition (and that she was not excused by filing a motion for protective order), the Government's motion is due to be **GRANTED** and Plaintiff is compelled to appear for her in-person deposition at the U.S. Attorney's Office in Orlando, Florida on **January 23, 2024,** during normal business hours. **See e.g.,** *Pinkston v. Univ. S. Fla. Bd. Trs.,* No. 8:18- cv-2651-SPF, 2019 WL 4254471, at *4 (M.D. Fla. Sept. 9, 2019) (compelling deposition for date certain).[5]

As for the government's request for sanctions against Mr. Busch, the Court finds that an award is mandated by Rule 37(d)(3)). Where, as here, the motion to compel is granted, and is caused by the failure of a party to attend her properly noticed deposition, the Court is required to award the reasonable expenses, including attorney's fees and expenses caused by the failure. Only if the Court determines that the failure to attend the deposition was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. Neither of those exceptions are presented here.

As an initial matter, Mr. Busch's decision to not appear at the deposition without seeking a protective order as contemplated by the Federal Rules, forecloses a finding of

---

[5] At the hearing on December 12, 2024, the Court advised that it would be setting Plaintiff's deposition for a date certain and afforded the parties an opportunity to file an agreed upon date by 5:00 p.m. that day. On December 12, 2024 at 4:58 p.m., the government filed a notice at stating that it had proposed by email to Mr. Busch at 11:02 a.m. the following dates: January 19, 23, 25, and 26, but that Mr. Busch had not yet responded. (Doc. 35). Mr. Busch filed a separate notice at 6:17 p.m. advising that Plaintiff requested that the deposition occur on January 23, 2024. (Doc. 36).

substantial justification. See Rule 37(d)(2) ("[a] party's failure to appear for her deposition, "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c))." Moreover, Mr. Busch's suggestion that his conduct was substantially justified because it resulted from a genuine dispute about scheduling, is dubious at best. As detailed above, Mr. Busch repeatedly demanded scheduling accommodations that are not supported by the law. Mr. Busch had no lawful basis to demand that Plaintiff's deposition be taken in the Southern District, after work hours, or on the weekend. The Court agrees that it is appropriate to sanction Mr. Busch—and not his client because he repeatedly took legally unsupported positions and engaged in unprofessional gamesmanship.

For these reasons, the government is entitled to reimbursement for its reasonable expenses, including attorney's fees, caused by Plaintiff's failure to attend her deposition. Accordingly, Mr. Busch is hereby ordered to pay to the government the reasonable expenses including attorney's fees related to the deposition and the instant motion. The government shall submit within ten (10) days of the date of this Order an affidavit detailing the reasonable expenses and fees incurred for the deposition and the instant motion. To the extent that Mr. Busch objects to the amount of expenses and fees claimed by the government, he shall file a response within ten (10) days of service of the government's affidavit. Upon receipt of the government's affidavit and any objections by Mr. Busch, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on January 16, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties