**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**PILAR MELVIN,**

    **Plaintiff,**

**v.**                                              **Case No: 5:22-cv-393-GAP-PRL**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER

On January 16, 2024, the Court granted the United States' motion to compel Plaintiff's deposition and ordered Plaintiff's counsel, Bryan Busch, to pay to the United States the reasonable attorney's fees and expenses related to his client's nonattendance at her December 20, 2023, deposition and the filing of the motion to compel. (Doc. 37). The Court directed the United States to file an affidavit supporting the request for fees and expenses and permitted Mr. Busch to file a response in opposition ten days thereafter. As directed, the United States filed the Affidavit of Assistant United States Attorney, Robert D. Sowell (Doc. 44). Mr. Busch filed a response opposing both the imposition of sanctions and the amount of attorney's fees requested.

Mr. Busch continues to argue that sanctions are not warranted because he was simply "attempting to follow his client's instructions and arrange the deposition around her work and family obligations the week before Christmas, especially given the strict probation guidelines Plaintiff was subject to." (Doc. 45 at 1). He claims that he has "never encountered a government attorney so unwilling to accommodate the schedule of a plaintiff on probation." However, as the Court explained in its prior Order, the filings reflect that Mr. Busch failed to

cooperate with the United States to schedule Plaintiff's deposition, repeatedly demanded scheduling accommodations for his client that were not supported by the law, and failed to protect his client's interests by seeking a protective order as contemplated by the Federal Rules before not attending her properly noticed deposition. Under these circumstances, sanctions are appropriate.

Accordingly, the only issue still open for consideration is the amount of the reasonable attorney's fees and expenses. The United States seeks to recover attorney's fees in the amount of $2,095.00 and costs in the amount of $143.50, for a total of $2,238.80. According to the Affidavit, AUSA Robert D. Sowell expended a total of 9.5 hours and seeks to recover an hourly rate of $166.31. In addition, AUSA Shawn P. Napier expended 2.5 hours of work and seeks to recover an hourly rate of $206.14. The United States also filed an invoice from the court reporter reflecting the court reporter fee in the amount of $120.00 and the transcript fee in the amount of $23.50 related to the December 20, 2023 deposition. (Doc. 44-1).

The Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Here, the Court agrees that the work of AUSA Napier is duplicative of the work performed by AUSA Sowell, and thus, will be excluded. In addition, the Court is inclined to reduce AUSA Sowell's time by 1.5 hours for time that he spent preparing for the rescheduled deposition. While he contends that the "entry is limited to work specific to the rescheduled deposition," it is unclear why his preparation changed simply because the deposition was taken weeks later. Otherwise, AUSA Sowell's

time spent is reasonable. Accordingly, the Court will reduce the requested hours for Mr. Sowell to 8.0. The Court finds that AUSA Sowell's requested hourly rate of $166.31—which was calculated pursuant to the DOJ's April 29, 2016 Memorandum Regarding Attorney Fees Calculations and is well below the prevailing market rate—is appropriate. Thus, the government is entitled to recover reasonable attorney's fees in the amount of $1,330.48 (8.0 hours x $166.31). In addition, the requested costs in the amount of $143.50 are reasonable.

Within **ten (10) days** of this Order, Mr. Busch shall remit to counsel for the United States **$1,473.98** which represents the reasonable attorney's fees and expenses incurred as a result of Plaintiff's nonattendance at her properly noticed deposition and the resulting motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on February 7, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties